UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:11-40032-GAO

CHARLES ISLER,
Petitioner,

v.

JEFFREY GRONDOLSKY,
Respondent.

ORDER
March 18, 2013

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has filed a Report and Recommendation with respect to the respondent's motion to dismiss or alternately for summary judgment. The petitioner objects to the Report and Recommendation for three reasons.

He first contends that his security classification as a sex offender violates his due process rights under the Fifth Amendment because it will "affect the duration of his sentence" by decreasing the likelihood of placement in a halfway house. Sandin v. Conner, 515 U.S. 472, 487 (1995). This contention is unpersuasive because such a placement affects the conditions and not the duration of his sentence.

The petitioner also states that the magistrate judge erred in failing to regard Ms. Dale's sworn affidavit as completely true. The magistrate judge made no determination about the truthfulness of the affidavit but merely observed that the affidavit did not support the petitioner's assertion that the sexual conduct never occurred.

The petitioner's final ground for objection is based on an inappropriate application of the term "hypothetical" as used in <u>Carachuri-Rosendo v. Holder</u>, — U.S. — , 130 S. Ct. 2577 (2010), to the facts of this case. The magistrate judge's analysis of this argument is correct.

After careful review of the pleadings, submissions, and the pro se petitioner's objection to the Report and Recommendation, I approve and ADOPT the magistrate judge's recommendation in its entirety.

Accordingly, the respondent's Motion (dkt. no. 10) to Dismiss for Failure to State a Claim is GRANTED. The petitioner's Petition (dkt. no. 1) for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED with prejudice.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARLES ISLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 11-40032-GAO |
| JEFFREY GRONDOLSKY, Warden, | ) | |
| Federal Medical Center Devens, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION ON RESPONDENT'S
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

January 31, 2013

DEIN, U.S.M.J.

## I. **INTRODUCTION**

The Petitioner, Charles Isler ("Isler" or "Petitioner"), is presently incarcerated at

the Federal Medical Center in Devens, Massachusetts ("FMC-Devens"), where he is

serving a 180-month sentence for drug related charges.  He has filed a petition for a writ

of habeas corpus *pro se* pursuant to 28 U.S.C. § 2241 (Docket No. 1) against the Warden

of FMC-Devens, Jeffrey Grondolsky ("Respondent"), challenging his security classifica-

tion as a "sex offender" by the Federal Bureau of Prisons ("BOP").  Isler claims that this

classification violates his constitutional Due Process rights because he has never been

convicted of a sex-related crime.

This matter is presently before the Court on the "Respondent Jeffrey Grondolsky's

Motion to Dismiss and/or for Summary Judgment" (Docket No. 10), by which the

Respondent is seeking dismissal, pursuant to Fed. R. Civ. P. 12(b)(6) and 56, of the habeas petition for failure to state a claim. The Respondent contends that dismissal is warranted because the Petitioner has no constitutional right to any specific security classification while incarcerated, and the Petitioner has failed to establish that the BOP has acted arbitrarily or irrationally. For the reasons detailed herein, this court agrees that the BOP's classification of Isler as a "sex offender" for security purposes was permissible and not arbitrary or irrational. Accordingly, this court recommends to the District Judge to whom this case is assigned that the Respondent's Motion to Dismiss and/or for Summary Judgment (Docket No. 10) be ALLOWED.

## II.  STATEMENT OF FACTS

### The Record

When ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). Where, as here, the plaintiff is proceeding *pro se*, this court construes his allegations liberally. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976) (a *pro se* complaint, however inartfully pleaded, must be liberally construed). "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). "There

-2-

is, however, a narrow exception 'for documents the authenticity of which are not disputed

by the parties; for official public records; for documents central to plaintiff['s] claim; or

for documents sufficiently referred to in the complaint.'" Id.[1]  Applying these standards

to the present case, and limiting this recitation to the issues raised by the motion to

dismiss, the relevant facts are as follows.  The facts are not in dispute.

## Isler's Criminal History

On February 27, 2006, Isler was sentenced to a term of 180 months imprisonment

and 6 years supervised release after having been convicted of violations of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(C) (possession with intent to distribute a controlled substance),

21 U.S.C. § 846 (conspiracy) and 18 U.S.C. § 2 (aiding and abetting).  (Magnusson Decl.

¶ 4; Resp. Ex. A; Pet. Mem. (Docket No. 2) at 1).  While incarcerated at FMC-Devens,

Isler was assigned a security classification of "sex offender."  (Magnusson Decl. ¶ 3).

This classification arose from a Rhode Island state court conviction in 1990 in which Isler

was charged with sexual assault but pled nolo contendere to simple assault.  (Id. at ¶ 5).

As a result of this classification, Isler alleges that he must participate in a Sex Offender

---

[1] Consistent with this standard, this court has considered, to the extent relevant, the documents
attached to the habeas petition (Docket No. 1) ("Petition") and supporting memorandum (Docket
No. 2) ("Pet. Mem."), the documents submitted by the Respondent attached to the Declaration of
Cheryl Magnusson, Legal Assistant (Document 11-1) ("Magnusson Decl."; Resp. Ex.__"), and
the Petitioner's Objection to Respondent's Motion (Docket No. 12) ("Pet. Opp.").  These docu-
ments are appropriately considered in connection with either a motion to dismiss or a motion for
summary judgment.

Management Program ("SOMP") at FMC-Devens, and "will face adverse consequences"

if he refuses to do so.  (Pet. Mem. at 2).

Isler's Presentence Investigation Report ("PSR") indicated that the 1990 convic-

tion for simple assault resulted from an incident in which Isler asked the alleged victim to

have sex with him, and when she declined, he attempted to remove her pants and physi-

cally attacked her.  (See Magnusson Decl. ¶ 5).  Isler claims that his accuser recanted this

charge shortly after going to court, and provided a notarized statement absolving Isler of

any guilt in the matter.  (Pet. Mem. at 5, Ex. A).  Thus, Isler argues:

> The notarized statement by the alleged victim makes clear that no
> sexual assault ever took place.  This is the reason that the offense
> was reduced by the State to a simple assault.  It is more than clear
> that this disposition was not the result of a negotiated plea, rather it
> was the only charge with which the State of Rhode Island could
> maintain and save face in the particular case, when its so-called
> "victim" and more importantly its primary witness did not and would
> not concede that a "sexual assault" took place.

(Pet. Mem. at 5-6).

### Isler's BOP Classification

The BOP classifies inmates into security levels which are based on factors

including the "level of security and supervision the inmate requires" and the prisoner's

program needs, such as substance abuse, training, counseling, or health-related

treatments.  (BOP Program Statement ("PS") 5100.08[2] at Ch. 1, p. 1).  Included in this

---

[2]   A copy of the BOP Program Statement 5100.08, entitled "Inmate Security Designation and
Custody Classification," is attached to the Magnusson Declaration at Resp. Ex. E.

classification is a Public Safety Factor ("PSF") determination, which considers "relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public." (PS 5100.08 at Ch. 5, p. 8). A PSF of "sex offender" may be imposed on inmates who exhibit certain criteria "either in the current term of confinement or prior history." (Id. at p. 10). No conviction is required to merit this classification if an inmate's PSR "clearly indicates" that specified behavior has occurred, including "[e]ngaging in sexual contact with another person without obtaining permission to do so" including "sexual assault." (Id.). Moreover, the classification of "sex offender" is expressly deemed appropriate where the inmate was charged with a sexual offense, "but as a result of a plea bargain was not convicted . . . ." (Id.) The "example" given in the Program Statement is as follows:

> According to the PSR, the inmate was specifically described as being involved in a Sexual Assault but pled guilty to Simple Assault. Based on the documented behavior, application of this PSF [of sex offender] should be entered[.]

(Id.).

Isler disputed his sex offender PSF classification through the BOP's administrative remedy program, first filing a Request for Administrative Remedy to Warden Grondolsky at FMC-Devens on March 24, 2010. (Magnusson Decl. at ¶ 6; Resp. Ex. B). In denying this Request on April 7, 2010, the Warden cited to PS 5100.08 as described above, and the description of the 1990 incident found in Isler's PSR. (Id.). Isler then appealed to the

Regional Director in the BOP's Northeast Regional Office, who denied the appeal on

May 20, 2010 for the same reasons. (Magnusson Decl. at ¶ 7; Resp. Ex. C). Isler then

appealed to the Office of General Counsel in the BOP's Central Office, which concurred

with the decisions of the Warden and Regional Director in a decision dated December 21,

2010. (Magnusson Decl. at ¶ 8; Resp. Ex. D). Isler filed his timely petition for writ of

habeas corpus under 28 U.S.C. § 2241 on February 7, 2011. (Petition (Docket No. 1)).

Additional facts will be provided below where appropriate.

## III. ANALYSIS

### A. Classification Under 18 U.S.C. § 4042

Isler challenges the BOP's authority to classify him as a "sex offender" under 18

U.S.C. § 4042(c), which requires the BOP to provide notice of a sex offender's release

from prison to law enforcement and others. (See Habeas Petition ¶ 1). However, the

statute only applies to individuals who have been convicted of specified sex crimes,

which Isler was not. See 18 U.S.C. § 4042(c). There is nothing in any of Isler's records

which have been provided to the court that indicate that the BOP considers Isler to be

covered by this statute. Moreover, the Respondent has expressly confirmed that the

"BOP does not purport to classify Isler as a 'sex offender' under 18 U.S.C. § 4042(c),

and has no intention of notifying local authorities of his release under that provision[.]"

(Resp. Mem. (Docket No. 11) at 2, n.1; see also PS 5141.02[3] at 6 (notification require-

---

[3] A copy of Policy Statement 5141.02 entitled "Sex Offender Notification and Registration" is attached to the Magnusson Declaration as Exhibit F.

ments of 18 U.S.C. § 4042(c) do not apply to "(1) Individuals whose PSF is based on behavior which did not result in a conviction for a sexual offense, for example the PSI describes a charge for sexual assault or rape, but the individual was convicted of simple assault")). Therefore, to the extent that the habeas petition challenges the BOP's classification of Isler as a sex offender under 18 U.S.C. § 4042(c), it should be denied.

### B.    Internal Security Classification

Isler also contends that his security classification as a sex offender violates his due process rights under the Fifth Amendment "because it incorporates information beyond the elements of Mr. Isler's convicted offense to impose an additional penalty and/or burden on him during his incarceration." (Pet. Opp. at 5). This argument also fails to state a claim.

The "Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393, 162 L. Ed. 2d 174 (2005). In the case of a prisoner, a "liberty interest" is freedom from restraint which "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Id. at 223, 125 S. Ct. at 2394 (quoting Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995)).[4] The

---

[4] An inmate may also establish a liberty interest by establishing that the government's actions "will inevitably affect the duration of his sentence" but that is not alleged in the instant case. See Sandin, 515 U.S. at 487, 115 S. Ct. at 2302.

-7-

Supreme Court has "rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right." Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9, 50 L. Ed. 2d 236 (1976). In the case of classifications of inmates, "Congress has given federal prison officials full discretion to control these conditions of confinement . . . ." Id.; see also Fox v. Lappin, 409 F. Supp. 2d 79, 90 (D. Mass. 2006) ("[c]lassification of inmates is a matter within the discretion of prison officials") (citing McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990)). Thus, it has been held repeatedly that prisoners have no constitutional right to any specific classification. See, e.g., Moody, 429 U.S. at 88 n.9, 97 S. Ct. at 279 n.9. Consequently, "[a]n inmate does not . . . have a liberty interest in avoiding a particular condition of confinement, including a particular security classification or placement in a particular facility, unless the condition imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Pagani-Gallego v. Sabol, No. 07-40016-PBS, 2008 WL 886032, at *1 (D. Mass. Mar. 27, 2008) (internal quotation and citation omitted).

In the instant case, Isler has not established that his internal classification as a sex offender has imposed an "atypical and significant hardship" rising to the level of a constitutional violation, and courts have consistently rejected constitutional challenges to such classifications made in accordance with BOP regulations. See, e.g., Grayson v. Fed. Bureau of Prisons, No. 5:11cv2, 2011 WL 7154384, at *4-5 (N.D. W. Va. July 22, 2011) (BOP can rely on information in PSR for security classification as sex offender even

-8-

though inmate was not convicted of a sexual offense); McCombs v. U.S. Dep't of Justice,

No. 4:06CV1777, 2006 WL 3169530, at *2 (N.D. Ohio Oct. 31. 2006) (although inmate

had been adjudged delinquent, and was not convicted of a sexual offense, BOP could

classify him as a sex offender since, "as a matter of law, claims based on classification

procedures do not state a constitutional violation"); Talouzi v. O'Brien, No.

05-CV-235-HRW, 2006 WL 625292, at *7 (E.D. Ky. Mar. 10, 2006) (unpub. op.) ("This

Court finds that there is no due process violation herein because there is no liberty

interest with regard to the sex offender PSF."); Green v. Fed. Bureau of Prisons, No.

00-819 (JRT/JMM), 2002 WL 32619483, at *3-4 (D. Minn. Jan. 29, 2002) (BOP can rely

on pre-sentence investigation to classify inmate as a sex offender).  The fact that Isler

must participate in a sex offender treatment program before being eligible for parole does

not impose an "atypical and significant hardship" so as to violate his constitutional rights.

See, e.g., Fox v. Lappin, 409 F. Supp. 2d at 87-88 (fact that inmate could not be

transferred to a less restrictive environment without completing SOMP did not violate due

process, as inmate did not have "a liberty interest in transfer to a less restrictive

environment before the expiration of his sentence"); Grennier v. Frank, No. 05-C-81-C,

2005 WL 2076432, at *4 (W.D. Wisc. Aug. 25, 2005) ("the classification of plaintiff as a

sex offender and the requirement that he participate in a sex offender treatment program

do not implicate a liberty interest").  "Admittedly, prisoners do not shed all constitutional

rights at the prison gate, but lawful incarceration brings about the necessary withdrawal

or limitation of many privileges and rights, a retraction justified by the considerations

underlying our penal system." <u>Sandin</u>, 515 U.S. at 485, 115 S. Ct. at 2301 (internal quotations, punctuation and citations omitted).

Isler "can challenge his individual classification as a sex offender if he can show that the Bureau's decision was 'arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law.'" <u>Fox</u>, 409 F. Supp. 2d at 90 (quoting 5 U.S.C. § 706(2)(A)). However, he has failed to make such a showing. "Review under the arbitrary and capricious standard is narrow and this Court may not substitute its judgment for that of the agency, even if it disagrees with the agency's conclusions." <u>River Street Donuts, LLC v. Napolitano</u>, 558 F.3d 111, 114 (1st Cir. 2009) (discussing standard of review under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)). As long as the decision is supported by a "rational basis," this court must affirm. <u>Id.</u>

In light of the "broad discretion conferred by Congress to the Attorney General as delegated to the Bureau Director," the classification of prisoners whose PSR's indicate prior sex offenses "cannot be found contrary to the statute or congressional intent." <u>Fox</u>, 409 F. Supp. 2d at 90. In the instant case, even a review of the letter from the alleged victim on which Isler relies does not establish conclusively that he did not engage in conduct involving non-consensual sexual touching. (<u>See</u> Pet. Ex. B). Ms. Dale's letter states that she filed a charge for sexual assault, which she then withdrew, and that later after his release from prison she sat down with the Petitioner and "had a talk," as a result of which they were able to "put the situation behind us" and began "putting our friend-ship back in order." (Pet. Ex. B). Based on this letter, this court cannot rule conclusively

-10-

that the BOP's factual determination that Isler's conviction involved sexual assault conduct was so clearly erroneous as to be arbitrary and capricious.[5]

Finally, Isler's argument that the recent Supreme Court case of <u>Carachuri-Rosendo v. Holder</u>, — U.S. — , 130 S. Ct. 2577, 177 L. Ed. 2d 68 (2010), invalidated the BOP's Program Statement relating to the classification of sex offenders is without merit. (<u>See</u> Pet. Opp. at 3-4). In that case, the petitioner, a legal permanent resident of the United States, challenged removal proceedings initiated against him after he was charged with two misdemeanor offenses of drug possession in Texas. <u>Id.</u> at 2580. At issue was whether or not the petitioner's second state court misdemeanor conviction could be considered a conviction of an aggravated felony when, hypothetically, it could have been tried as an aggravated felony in federal court. <u>Id.</u> at 2582-83. The U.S. Supreme Court reversed the lower court's ruling and refused to equate "hypothetical" conduct with an actual felony conviction. <u>Id.</u> at 2586-87. As the Court ruled:

> In sum, the Government is correct that to qualify as an "aggravated felony" under the INA, the conduct prohibited by state law must be punishable as a felony under federal law ... But as the text and structure of the relevant statutory provisions demonstrate, the defendant must *also* have been *actually convicted* of a crime that is itself punishable as a felony under federal law. The mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a

---

[5] Moreover, even if Ms. Dale had recanted her story, there would be no obligation on the part of the BOP to ignore the charges that had been initially brought against Isler in determining his security classification.

> noncitizen be "convicted of a[n] aggravated felony" before he loses
> the opportunity to seek cancellation of removal.

Id. at 2589 (internal citation omitted).

Isler contends that the BOP classification of him as a sex offender also involved a

"hypothetical" situation since he was not convicted of a sex-based crime, and the alleged

victim recanted her charge.  (See Pet. Opp. at 5).  Thus, Isler argues, the ruling in

Carachuri-Rosendo should be deemed to have invalidated the BOP policy which allows

the BOP to rely on "hypotheticals."  (See Pet. Opp. at 3-5).  However, Carachuri-

Rosendo has no application to the instant case.  As an initial matter, INA guidelines

specifically require that a legal permanent citizen be *convicted* of an aggravated felony;

BOP guidelines in contrast specifically permit past charges, not just convictions, to be

included in the determination of classifications.  Compare 8 U.S.C. § 1229b(a)(3)

(limiting the Attorney General's cancellation authority if an alien has actually been

"convicted of an[] aggravated felony"), with P.S. 5100.08, Ch. 5, p. 10 (stating that a

"conviction is not required for application of [the sex offender] PSF if the Presentence

Investigation Report (PSR), or other official documentation, clearly indicates" that the

inmate had exhibited particular behavior in the past).  Moreover, the Petitioner's liberty

interests are substantially different.  In Carachuri-Rosendo, the issue was whether the

petitioner could apply for cancellation of removal from the United States, while in the

instant case Isler's conduct is being used in connection with a security classification in

which he has no liberty interest.  This Supreme Court case did not alter the well-

-12-

established principle that it is within the BOP's authority to consider information in the

PSR in determining whether an inmate should be classified as a sex offender for security

purposes.

## IV.  CONCLUSION

For the reasons detailed herein, this court recommends to District Judge to whom

this case is assigned that "Respondent Jeffrey Grondolsky's Motion to Dismiss and/or

for Summary Judgment" (Docket No. 10) be ALLOWED.[6]

> / s / Judith Gail Dein
> Judith Gail Dein
> U.S. Magistrate Judge

---

[6] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).

--13-